Opinion issued March 9, 2021



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-20-00855-CV

————————————

## WESTERN INTERNATIONAL GAS & CYLINDERS, INC., Appellant

### V.

### H&H Land, L.P., Appellee

On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Case No. 2019-43321

## MEMORANDUM OPINION

Appellant, Western International Gas & Cylinders, Inc., is attempting to appeal the trial court's Final Judgment entered on December 15, 2020. On January 29, 2021, appellee, H&H Land, L.P., filed a motion to dismiss, contending that on December 15, 2020, the trial court issued two orders: (1) an order denying

appellee's motion for fees and (2) an order granting final judgment. Appellee further contends that on December 16, 2020, the trial court vacated its two December 15, 2020 orders, thus leaving appellee's claim for attorney's fees pending in the trial court. On February 8, 2021, appellant responded to the motion to dismiss, conceding that the record does not contain a final, appealable judgment, but arguing that we should abate the appeal until the trial court enters a final judgment, pursuant to Rule 27.1 of the Texas Rules of Appellate Procedure.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

Our review of the record confirms appellee's contention that the trial court vacated its December 15, 2020 orders and that no final judgment appears in the record. Although we can abate for the trial court to clarify whether its judgment was final, no clarification is needed here because the trial court vacated its final judgment. *See Lehmann*, 39 S.W.3d at 206 & n.92.

Because the trial court vacated and set aside its December 15, 2020 orders, the record does not contain a final judgment or other appealable order. Accordingly, we grant appellee's motion to dismiss and dismiss the appeal for

want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Goodman and Farris.